UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS UBILES MONTANEZ,

                                                                DECISION AND ORDER

                           Plaintiff,

                                                              17-CV-6598L

                    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                           Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On December 6, 2013, plaintiff filed an application for supplemental security income, alleging an inability to work since December 5, 2013. (Administrative Transcript, Dkt. #9 at 15). His application was initially denied. Plaintiff requested a hearing, which was held on February 11, 2016 via videoconference before Administrative Law Judge ("ALJ") Michael Carr. The ALJ issued a decision on March 30, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #9 at 15-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 3, 2017. (Dkt. #9 at 1-3). Plaintiff now appeals from that decision.

       The plaintiff has moved (Dkt. #12), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly his treatment notes for schizophrenia, which the ALJ concluded constituted a severe impairment not meeting or equaling a listed impairment. The ALJ found that plaintiff, then a 36-year-old man with a limited education, unable to communicate in English and with no past relevant work, has the residual functional capacity ("RFC") to perform work at all exertional levels, but with limitations to performing simple, routine and repetitive tasks; making simple work-related decisions; only occasional contact with supervisors, coworkers, and the general public; and no work that requires a specific production rate. (Dkt. #9 at 19). When presented with this RFC at the hearing, vocational expert Carly Coughlin testified that an individual with these limitations could perform the positions of dishwasher, packager, and buser. The ALJ accordingly found plaintiff not disabled. (Dkt. #9 at 22).

**I.     Medical Opinions of Record**

The Court notes that the record does not contain any medical opinions from a treating physician specific to plaintiff's treatment for schizophrenia, such as a treating psychologist or psychiatrist, since plaintiff's prior mental health treatment appears to have been rendered primarily by non-physician specialists. As such, the only opinions by physicians and treating sources concerning plaintiff's mental limitations and mental health treatment derive from consulting and/or examining physicians, non-physician therapists, and a stage agency review physician. While the opinions of consulting and examining physicians and non-acceptable medical sources are not entitled to controlling weight, in the absence of a controlling treating physician opinion, such opinions "take[] on particular significance." *Dioguardi v. Commissioner*, 445 F. Supp. 2d 288, 295 (W.D.N.Y. 2006). In such circumstances, an ALJ must consider opinions by each of these sources using the same factors that are typically used to evaluate the opinions of treating physicians (e.g., physician's area of specialty, whether opinion is supported by objective testing or other evidence of record), and must explain in his decision the weight given to each and the reasons therefor. 20 C.F.R. §§ 404.1527(c)(1)-(6), §404.1527(f)(1). The ALJ's failure to do so constitutes grounds for remand. *See generally Somerville v. Colvin*, 2018 U.S. Dist. LEXIS 59964 at *19-*21 (E.D.N.Y. 2018); *Stytzer v. Astrue*, 2010 U.S. Dist. LEXIS 103770 at *22-*24 (N.D.N.Y. 2010).

Here, the ALJ erred in his consideration of the medical opinions of record. Initially, the ALJ assigned "some" weight to the opinion of consulting psychologist Dr. Yu-Ying Lin. Noting that Dr. Lin had seen plaintiff on only one occasion, the ALJ rejected Dr. Lin's more restrictive findings – that plaintiff is "moderately to markedly limited" in learning new tasks and that he requires supervision for even simple tasks – and concluded instead that "the totality of the record

3

aligns more on the moderate side of severity." (Dkt. #9 at 21). The ALJ did not describe the "totality of the record" that supported this finding, although it is possible that the ALJ was referring to the limited selection of evidence he had discussed previously in the opinion, comprised of treatment records demonstrating plaintiff's inconsistent medication management, periodic presentation with normal mood and affect at some medical appointments, and some of his Global Assessment of Functioning ("GAF") scores. (Dkt. #9 at 20).

Regardless, based on this unspecified "totality," the ALJ went on to reject every part of every medical opinion in the record that included a greater than moderate limitation in any area, on the basis that it conflicted with his threshold finding of "moderate" limitations. The ALJ gave "some weight" to the opinion of state agency consultant Dr. R. Nobel, who found that plaintiff had moderate difficulties in all areas of mental functioning, but provided no explanation for his reasoning. (Dkt. #9 at 64-72). The ALJ likewise gave "some weight" to the assessments rendered by plaintiff's treating therapists at the Monroe County Department of Social Services (Licensed Master Social Worker Stephanie Bourne, and Licensed Marriage and Family Therapist Randy Smart), crediting them only to the extent that they were "consistent with Dr. Nobel's and Dr. Lin's opinions," and thus implicitly rejecting their opinions, based on a three-year treatment history, that plaintiff will have episodes of decompensation, will frequently have difficulties interacting appropriately with others, has moderate difficulties maintaining a schedule, is incapable of using public transportation, and cannot perform more than ten to fifteen hours of work per week. *Id*. (Dkt. #9 at 445-46, 458, 462). The ALJ made no mention of an August 16, 2013 opinion by examining psychologist Dr. Adam Brownfeld, which predated the plaintiff's alleged disability onset by four months, but found that plaintiff is unable to attend to a routine or schedule at least 50% of the time, is unable to maintain attention and concentration at least 75% of the time, and is

4

expected to have occasional acute psychiatric episodes and episodes of decompensation. (Dkt. #9 at 441-43).

Manifestly, the Court's analysis is frustrated by the ALJ's lack of explanation for the "some weight" given to each medical opinion of record. The ALJ did not identify those portions of the opinions he rejected, or cite to any evidence of record which contradicted those opinions or otherwise explained why they were not worthy of greater weight. *See e.g.*, *Paulin v. Berryhill*, 2017 U.S. Dist. LEXIS 194476 at *41-*43 (S.D.N.Y. 2017); *Dioguardi*, 445 F. Supp. 2d 288 at 298. Moreover, to the extent that the ALJ did discuss some evidence which he believed supported his conclusion that plaintiff has at least moderate limitations, he failed to sufficiently explain his decision *not* to credit any of the evidence of *greater* than moderate limitations.

"While the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (*quoting Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). By rejecting portions of the opinions of every consulting or examining physician and treating therapist in the record on the basis of his own conclusory finding that those opinions were contradicted by an unidentified "totality" of the evidence, I find that the ALJ improperly cherry-picked the record, and substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Remand is therefore appropriate.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should reassess the evidence of record, contacting medical sources for clarification or soliciting additional consulting opinions where appropriate, and should render a new decision which provides a detailed explanation of the evidence of record supporting the ALJ's findings, identifies the weight given to each medical opinion of record, and explains the reasons therefor.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 26, 2018.